LUCIANO MARTINIANO GARCÍA ALVARADO, Appellant, *v.* THE REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. G-62-10.   Decided September 5, 1962.

*Miguel Bahamonde Ricomar* for appellant.   *Jacob Bonilla Díaz, Acting Registrar of Property of Puerto Rico,* on behalf of respondent registrar appeared by brief.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

### ORDER

By deed No. 4 executed on January 9, 1962 before Notary Miguel Bahamonde Ricomar, appellant Luciano Martiniano García constituted a mortgage to secure a note to bearer "on the one-half joint interest belonging to the appearing party" in a certain real property which he had

1

acquired during his marriage to Lucy Grillasca Salas and which is recorded in favor of the community partnership constituted by them. A certified copy of this deed was presented in the Registry of Property together with—as a supplementary document—the death certificate of Mrs. Grillasca which occurred in 1944.

The Registrar refused to make the registration sought on the ground that the dissolution of the said community partnership did not appear from the books in his custody. In support of his decision he cites § 1313 of the Civil Code, 31 L.P.R.A. § 3672, and the holding in *Blanco* v. *Registrar of Property*, 5 P.R.R. 53 (1903), and *Ríos* v. *The Registrar*, 19 P.R.R. 708 (1913).

■■ The legal provision cited relative to the need for the wife's consent to alienate property of the community partnership is not applicable to the situation under consideration precisely because the death certificate establishes that one of the spouses is dead, and the object of the contract is the share which corresponds to the surviving spouse in such property. The applicable doctrine is stated in *Pérez* v. *Registrar*, 62 P.R.R. 760 (1944); *Maldonado* v. *Registrar*, 45 P.R.R. 816 (1933); *Muñoz* v. *Registrar of Caguas*, 30 P.R.R. 68 (1921); *Allende* v. *Registrar of San Juan*, 28 P.R.R. 529 (1920); *Becerra* v. *Registrar of Guayama*, 27 P.R.R. 770 (1919); and *Fabián* v. *Registrar of San Juan*, 25 P.R.R. 838 (1917). The case of Ríos cited by respondent was expressly modified in that of Allende, and *Blanco* v. *Registrar of Property*, *supra*, involved a situation of facts distinct from that under consideration in which the question was the alienation of an *entire* piece of real community property by the surviving spouse without the consent of the deceased's heirs. It is well to point out that the registration can not even be made subject to the result of the liquidation of the community

partnership, *Piazza* v. *Registrar*, 79 P.R.R. 403 (1956); *Piazza* v. *Registrar*, 78 P.R.R. 288 (1955); *Alameda* v. *Registrar*, 76 P.R.R. 216 (1954).

The decision appealed from is set aside and the registration ordered.

It was so decided and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

    (s) IGNACIO RIVERA
       *General Secretary*